UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FLEX-N-GATE CANADA COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:04-CV-418-TS |
| ) | |
| ELITE ENTERPRISES, INC., TECSTAR, ) | |
| L.P. f/k/a TECSTAR, LLC, TECSTAR LLC, and ) | |
| TECSTAR, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [DE 33] filed by Defendants TecStar, Inc. and TecStar, LLC (TecStar) on August 23, 2005. TecStar contends that it is not indebted to the Plaintiff, Flex-N-Gate Canada Company, on any of the theories set forth in the Plaintiff's Amended Complaint.

### BACKGROUND

On November 8, 2004, the Plaintiff, Flex-N-Gate Canada Company, filed a Complaint against Elite Enterprises, Inc., and TecStar for breach of contract, account stated, and unjust enrichment. The Complaint alleges that: Elite and TecStar ordered product from the Plaintiff; the Plaintiff shipped the product to Elite; Elite accepted the goods, but has not paid for them in full; as a result, the Defendants owe the Plaintiff $399,347.76 plus interest, costs, and, if applicable, attorney fees. On January 10, 2005, TecStar filed an Answer.

On March 10, 2005, the Plaintiff filed an Amended Complaint to add the Defendant's current business designation, TecStar L.P. On March 16, TecStar answered the Amended Complaint and

on August 23 moved for summary judgment. On November 18, the Plaintiff responded. On December 1, TecStar replied. A motion for summary judgment filed by the Plaintiff against Elite is also pending and will be addressed in a separate opinion.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.'" *Abrams v. Walker*, 307 F.3d 650, 653 (7th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor

of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

## STATEMENT OF FACTS

The Plaintiff is a corporation organized under the laws of the Providence of Nova Scotia, Canada, with its principal place of business in Tecumseh, Ontario, Canada. At its Tecumseh facility, the Plaintiff manufactures parts for cars and trucks, including bar-front impact e-coated bumpers. TecStar, Inc., is a second stage manufacturer that had a contract with General Motors to install bumpers on Chevrolet Tahoe trucks. TecStar solicited a bid from the Plaintiff to supply the bumpers painted to GM's specifications. TecStar considered the Plaintiff's bid to be too high. Rather than have the Plaintiff paint the bumpers, TecStar found another company, Elite, to paint them and send them to TecStar.

On May 1, 2000, TecStar, issued a purchase order to the Plaintiff for the bumpers. These were test bumpers that were to be shipped directly to Elite Enterprises, Inc., in Fort Wayne, Indiana, for paint development. After this initial order, TecStar, Elite, and the Plaintiff negotiated an agreement for Elite to purchase the unpainted bumpers directly from the Plaintiff. According to the agreement, Elite would then pay the Plaintiff for the bumpers, paint the bumpers according to TecStar and GM's specifications, and ship them to TecStar. TecStar would then pay Elite.

TecStar never offered the Plaintiff any assurances of payment from Elite. However, during

3

the initial sixty days of the parties' arrangement, TecStar paid Elite every fifteen days to alleviate the Plaintiff's concerns that Elite would not have the cash flow to pay for the bumpers. After sixty days, TecStar and Elite changed their terms to thirty days.

On September 9, 2003, Elite issued a purchase order for bumpers. The order instructed the Plaintiff to ship the bumpers to Elite. This was the last order from Elite.

In fall 2003, TecStar began having quality issues with the painted bumpers it received from Elite and eventually stopped purchasing bumpers from Elite. On October 20, 2003, TecStar ordered bumpers from the Plaintiff to be shipped to Linden Creek Management in Portland, Indiana.

Through November 13, 2003, the Plaintiff made and shipped bumpers directly to Elite. Elite did not reject or return any of the bumpers. Thereafter, the Plaintiff shipped bumpers to Linden Creek Management as directed in the October 20 purchase order. Elite made its last payment to the Plaintiff on January 15, 2004, for bumpers shipped to Elite in the period ending October 9, 2003. Although Elite received bumpers between October 9 and November 13, 2003, the Plaintiff did not receive payment for those bumpers. The outstanding balance for these bumpers is $399,347.76. The Plaintiff has demanded this payment from Elite and sent statements of the account to Elite. Elite did not object to the statements of account.

**DISCUSSION**

The Plaintiff's Amended Complaint alleges breach of contract in Count I, account stated in Count II, and unjust enrichment in Count III. In its Motion for Summary Judgment, TecStar argues that it is not indebted to the Plaintiff on any of these theories.

**A. Breach of Contract**

The Plaintiff does not provide evidence that the Plaintiff and TecStar had a contract. Rather, in response to TecStar's Motion for Summary Judgment, the Plaintiff contends that TecStar is Elite's principal and is liable to the Plaintiff for its agent's debt. The Court finds the Plaintiff's reliance on the law of agency inapplicable to TecStar and Elite's relationship.

An "agent is a substitute or deputy appointed by the principal with power to do certain things which the principal may or can do." *Fioretti v. Aztar Ind. Gaming Co., LLC*, 790 N.E.2d 587, 591 (Ind. Ct. App. 2003) (internal quotation marks and citations omitted). An agency relationship does not exist unless the principal consents to it, the agent acquiesces to it, and the principal exerts control over the agent. *Id.*

The Plaintiff argues that TecStar arranged that the Plaintiff's bumpers be shipped to Elite and that the Plaintiff bill Elite for the bumpers, even though TecStar ultimately received the bumpers. It contends that both Elite and TecStar consented to this relationship. In addition, the Plaintiff submits that TecStar's control over Elite is evidenced by TecStar's arrangement to pay Elite every fifteen days during the first sixty days of their arrangement before returning to a thirty-day payment plan. The Plaintiff notes that TecStar rejected bumpers painted by Elite and ultimately terminated the parties' relationship.

While the parties consented to a relationship, there is no evidence that they consented to one that rendered them principal and agent. The Plaintiff does not establish that the parties' relationship extended beyond a typical business relationship where one party provides product that meets another (paying) party's requested need.

The element of control is likewise lacking. The Plaintiff's examples of control do not reveal

5

anything other than a normal buyer-supplier relationship. The Plaintiff can hardly contend that a typical buyer in the market place may not negotiate its payment terms, reject unsatisfactory product, or stop buying product or services altogether in favor of another company without entering into an agency relationship. The Court does not find that TecStar manifested any intention to give Elite power to do things on its behalf or that Elite consented to have TecStar exert control over it.

As a matter of law, TecStar is not liable to the Plaintiff for breach of contract on the basis of its relationship with Elite.

### B. Account Stated

> An account stated is established by an agreement between the parties that all items of the account and the balance of those items are correct, together with a promise, express or implied to pay the balance. An agreement that the balance is correct may be inferred from delivery of the statement and the account debtor's failure to object to the amount of the statement within a reasonable amount of time.

*Auffenberg v. Bd. of Trustees of Columbus Regional Hosp.*, 646 N.E.2d 328, 331 (Ind. Ct. App. 1995) (citations omitted).

The Plaintiff does not specifically address the account stated claim in response to TecStar's Motion for Summary Judgment. Because the Plaintiff did not invoice TecStar or provide a statement of charges, the Court presumes that the Plaintiff offers the agency claim in support of its account stated theory. As discussed above, the agency claim has no merit and the account stated claim is denied.

### C. Unjust Enrichment

"To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable

benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991). To recovery under a theory of unjust enrichment, a plaintiff must show that: (1) a benefit was rendered to the party sought to be charged; (2) at that party's implied request; and (3) under circumstances in which equity should demand that the person receiving the benefit should compensate the other in order to prevent unjust enrichment. *Wenning v. Calhoun*, 827 N.E.2d 627, 630 (Ind. Ct. App. 2005).

The Plaintiff argues that the first two elements are satisfied because TecStar received the benefit of bumpers at its request. It contends that the circumstances surrounding these factors lead to genuine issues of material fact regarding the third element. The Plaintiff argues that, because TecStar arranged the relationship between the Plaintiff and Elite, "it is inequitable for TecStart to simply walk away when Elite fails on its obligations" to the Plaintiff. (Resp. at 7–8.)

The Plaintiff's argument ignores the pivotal concept of unjust enrichment—the occurrence of a wrong or something unjust. *Inlow v. Inlow*, 797 N.E.2d 810, 817 (Ind. Ct. App. 2003) (citing *Savoree v. Indus. Contracting & Erecting, Inc.*, 789 N.E.2d 1013, 1020 (Ind. Ct. App. 2003)). Here, there is simply no evidence that TecStar was "wrongly" enriched. While TecStar ultimately received the bumpers that the Plaintiff sent to Elite, it did not do so without paying for them. There is nothing in the record to suggest that the Plaintiff reasonably expected to be paid by TecStar, rather than by Elite. That Elite failed on its obligations does not implicate TecStar in any wrongdoing. The Plaintiff's claim for unjust enrichment against TecStar fails as a matter of law.

**CONCLUSION AND ORDER**

For the foregoing reasons, Defendant TecStar's Motion for Summary Judgment [DE 33] is GRANTED and TecStar is dismissed from the case.

SO ORDERED on March 6, 2006.

                                       s/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT