UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FLEX-N-GATE CANADA COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:04-CV-418 |
| ) | |
| ELITE ENTERPRISES, INC., TECSTAR, ) | |
| L.P. f/k/a TECSTAR, LLC, TECSTAR LLC, and ) | |
| TECSTAR, INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Flex–N-Gate Canada Company's unopposed Motion for Summary Judgment [DE 37] on its claim against Elite Enterprises, Inc.

**PROCEDURAL BACKGROUND**

On November 8, 2004, the Plaintiff, Flex-N-Gate Canada Company, filed a Complaint against Elite Enterprises, Inc., and several other entities for breach of contract, account stated, and unjust enrichment. The Complaint alleges that Elite ordered product from the Plaintiff. The Plaintiff shipped the product to Elite, who accepted the goods, but has not paid for them in full. The Plaintiff contends that Elite owes the Plaintiff $399,347.76 plus interest, costs, and if applicable, attorney fees. On March 10, 2005, the Plaintiff filed an Amended Complaint to add a defendant.

On March 11, 2005, Elite answered the Amended Complaint. On October 21, the Plaintiff moved for summary judgment against Elite. Elite has not responded.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). Where, as in this case, the motion for summary judgment is not opposed and the movant's facts are not controverted, the court "will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy." N.D. Ind. L.R. 56.1(b).

**STATEMENT OF FACTS**

The Plaintiff is a corporation organized under the laws of the Providence of Nova Scotia, Canada, with its principal place of business in Tecumseh, Ontario, Canada. At its Tecumseh facility, the Plaintiff manufactures parts for cars and trucks, including bar-front impact e-coated bumpers.

As a result of purchase orders from TecStar, Inc., and Elite, the Plaintiff made and shipped bumpers to Elite through November 13, 2003. Elite's last payment to the Plaintiff was January 15, 2004, for bumpers shipped to Elite in the period ending October 9, 2003. Although Elite received bumpers between October 9 and November 13, 2003, the Plaintiff did not receive payment for those bumpers. The outstanding balance for these bumpers is $399,347.76. The Plaintiff has demanded this payment from Elite and sent statements of the account to Elite. Elite did not object to the statements of account.

**DISCUSSION**

The Plaintiff's Amended Complaint alleges breach of contract in Count I, account stated in Count II, and unjust enrichment in Count III. In its Motion for Summary Judgment, the Plaintiff asserts that there are no genuine issues of material fact and that it is entitled to judgment against Elite in the amount of $399,347.76 as well as interest and costs.

**A. Breach of Contract**

The essential elements of any breach of contract claim are the existence of a contract, the defendant's breach of the contract, and damages. *Holloway v. Bob Evans Farms, Inc.*, 695 N.E.2d 991, 995 (Ind. Ct. App. 1998). The construction of a written contract is generally a question of law,

3

and summary judgment is particularly appropriate because there are no issues of fact. *Kordick v. Merchants Nat'l Bank and Trust Co. of Indianapolis*, 496 N.E.2d 119, 125 (Ind. Ct. App. 1986).

The Plaintiff submits that the purchase orders, invoices, and statement of account show the existence of a contract between Elite and the Plaintiff for purchase of bumpers. It is undisputed that Elite did not pay for bumpers shipped between October 9 and November 13, 2003. The Plaintiff has established damages in the amount of $399,347.76, the purchase price of the bumpers, and is entitled to judgment as a matter of law on its breach of contract claim.

**B. Account Stated**

> An account stated is established by an agreement between the parties that all items of the account and the balance of those items are correct, together with a promise, express or implied to pay the balance. An agreement that the balance is correct may be inferred from delivery of the statement and the account debtor's failure to object to the amount of the statement within a reasonable amount of time.

*Auffenberg v. Bd. of Trustees of Columbus Reg'l Hosp.*, 646 N.E.2d 328, 331 (Ind. Ct. App. 1995) (citations omitted). Failing to object to liability on an account until a suit is filed constitutes failure to object to the account within a reasonable time and supports the inference of an agreement that the account balance is correct. *Id.* Although the amount of the statement is not conclusive, it is prima facie proof of the amount owed on the account. *Id.* (citing *Dep't of Public Welfare v. Chapel Pharmacy*, 407 N.E.2d 1211, 1212 (Ind. Ct. App. 1980); *Bosson v. Brash*, 114 N.E. 6, 8 (Ind. Ct. App. 1916); 1 I.L.E. Accounts and Accounting Section 35 (1957)). Once a prima facie case is made on an account stated, the burden of proof shifts to the account debtor to prove that the amount claimed is incorrect. *Id.*

The undisputed facts show that the Plaintiff sent statements of the account to Elite, who did

4

not object to the statements of account for $399,347.76. This supports a prima facie case, which Elite has not attempted to rebut. The Plaintiff has established its claim for statement of account as a matter of law.

**C. Unjust Enrichment**

Unjust enrichment comes within the purview of an action based on quasi contract. *Indianapolis Raceway Park, Inc. v. Curtiss*, 386 N.E.2d 724, 726 (Ind. Ct. App. 1979). Quasi contracts are not contracts in the true sense, but "rest on a legal fiction imposed by law without regard to assent of the parties. They arise from reason, law, and natural equity, and are clothed with the semblance of contract for the purpose of a remedy. *Id.*

Because the Plaintiff has prevailed on its breach of contract theory, recovery for unjust enrichment is not necessary or appropriate. *See Town of New Ross v. Ferretti*, 815 N.E.2d 162, 168 (Ind. Ct. App. 2004) (noting that when the rights of parties are controlled by an express contract recovery cannot be based upon a theory implied in law). The Plaintiff's motion for summary judgment on the theory of unjust enrichment is denied as moot.

**D. Damages**

The Plaintiff's Motion for Summary Judgment is supported by competent evidence that Elite is indebted to the Plaintiff for $399,347.76. The Plaintiff has also requested prejudgment interest.

In diversity cases, federal courts look to state law to compute prejudgment interest. *Matter of Oil Spill by Amoco Cadiz Off Coast of France on March 16, 1978*, 954 F.2d 1279, 1333 (7th Cir. 1992). In Indiana, an award of pre-judgment interest in a breach of contract action is warranted if

5

the amount of the claim rests upon a simple calculation and the terms of the contract make such a claim ascertainable. *Olcott Intern. & Co., Inc. v. Micro Data Base Sys., Inc.*, 793 N.E.2d 1063, 1078 (Ind. Ct. App. 2003) (citing *Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1140 (Ind. Ct. App. 2002)). "The test for determining whether an award of prejudgment interest is appropriate is whether the damages are complete and may be ascertained as of a particular time."*Noble Roman's*, 760 N.E.2d at 1140; *see also Ind. Indus., Inc. v. Wedge Prods., Inc.*, 430 N.E.2d 419, 427 (Ind. Ct. App. 1982) ("As repeatedly stated in Indiana cases, pre-judgment interest is proper when the damages are ascertainable in accordance with fixed rules of evidence and accepted standards of valuation at the time the damages accrued.").

Prejudgment interest is computed from the time the principal amount was demanded or due. *Abex Corp. v. Vehling*, 443 N.E.2d 1248, 1260 (Ind. Ct. App. 1983). The rate of prejudgment interest, which is set by statute, *see Matter of Estate of Kingseed*, 413 N.E.2d 917, 935 (Ind. Ct. App.1981), is eight percent per annum until payment of judgment. Ind. Code 24-4.6-1-102. Where there has been a statement of account, the eight percent rate is calculated "from the date an itemized bill shall have been rendered and payment demanded on an account stated . . . ." Ind. Code § 24-4.6-1-103.

Although the damages in this case are ascertainable, the Plaintiff has not articulated when the principal amount became due or when it demanded payment. On the basis of the current record, the Court cannot calculate an interest amount and include it in the judgment. The Court will give the Plaintiff an opportunity to submit evidence necessary to make this determination and thus receive an award that would make it whole.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment [DE 37] is GRANTED in part and DENIED in part as MOOT. Entry of judgment is withheld until the Court determines prejudgment interest. The Plaintiff has seven days from the date of this order to file its brief/affidavit(s) supplementing the record on the amount of prejudgment interest due. Any response by Elite should be filed within seven days thereafter.

SO ORDERED on March 6, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT