UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FLEX-N-GATE CANADA COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELITE ENTERPRISES, INC., TECSTAR, ) <br> L.P. f/k/a TECSTAR, LLC, TECSTAR LLC, and ) <br> TECSTAR, INC., ) <br> ) <br> Defendants. ) | CAUSE NO.: 1:04-CV-418 |

**OPINION AND ORDER**

On October 21, 2005, Plaintiff Flex–N-Gate Canada Company filed a Motion for Summary Judgment on its claim against Elite Enterprises, Inc., which went unopposed. On March 6, 2006, this Court granted the Plaintiff's motion but withheld entry of judgment to allow the Plaintiff to supplement the record regarding its claim for prejudgment interest. On March 13, the Plaintiff filed its Motion for Prejudgment Interest [DE 48] and supporting brief and affidavit, which it supplemented on March 23 [DE 50]. Elite Enterprises did not file a response.

**DISCUSSION**

As stated in its March 6 Opinion and Order, the Plaintiff is entitled to prejudgment interest because its damages for breach of contract are ascertainable. *See Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1140 (Ind. Ct. App. 2002) ("The test for determining whether an award of prejudgment interest is appropriate is whether the damages are complete and may be ascertained as of a particular time."). Prejudgment interest is computed from the time the principal amount was demanded or due. *Abex Corp. v. Vehling*, 443 N.E.2d 1248, 1260 (Ind. Ct. App. 1983). The rate of prejudgment

interest, which is set by statute, *see Matter of Estate of Kingseed*, 413 N.E.2d 917, 935 (Ind. Ct. App.1981), is 8% per annum until payment of judgment. Ind. Code 24-4.6-1-102.

The Plaintiff submits invoices it issued to Elite, all of which contained a payment term and condition of net thirty days. Thus, payment was due and demanded thirty days following the date of each invoice. Using these dates, the Plaintiff concludes that it is entitled to $74,176.21 in prejudgment interest through March 24, 2006. In arriving at this figure, the Plaintiff did not compound the interest.

Adding the $74,176.21 in interest to the $399,347.76 in principal for the unpaid invoices brings the judgment amount to $473,523.97.

## ORDER

The Plaintiff's Motions for Prejudgment Interest [DE 48, 50] are GRANTED and the Clerk is DIRECTED to enter judgment against Elite Enterprises, Inc., in favor of the Plaintiff in the amount of $473,523.97, exclusive of postjudgment interest and costs.

SO ORDERED on March 24, 2006.

        s/ Theresa L. Springmann  
        THERESA L. SPRINGMANN  
        UNITED STATES DISTRICT COURT